## Achuff v. Episcopal Hospital

C.P. of Philadelphia County, January Term 1993, no. 1058.

*Frank Rothermel,* for plaintiff.
*Donald Ladd,* for defendant Episcopal Hospital.
*Alexander R. Ferrents,* for defendant Carol Allen and Vanguard.
*Paul A. Becker Jr.,* for defendant Ferstein.

FIELD, *J.,* December 4, 1998—Plaintiff, Sharon Achuff, appeals from the denial of her post-trial motion following a jury verdict for the defendants on June 17, 1998. In her motion, the plaintiff raised and preserved only two issues upon which to base her appeal. First, plaintiff alleges that the court erred in allowing defendant David Forstein D.O., to give opinions as a defense expert when he was called as on cross during plaintiff's case in chief. Second, the plaintiff alleges that the court erred in allowing counsel for defendant Forstein to have the final closing speech to the jury, because Dr. Forstein had testified, admittedly only after being called by the plaintiff. For the following reasons, both arguments are without merit, and the post-trial motion was properly denied.

A jury trial commenced in this medical malpractice action on June 5, 1998. This action stems from complications suffered by the plaintiff during and after the birth of her twins in June of 1992. Plaintiff alleged that she suffered severe blood loss during delivery and was discharged too quickly from the hospital. She claimed that as a result of the alleged malpractice, she developed Sheehan's syndrome, a condition causing pituitary gland failure, and necessitating steroid, thyroid and estrogen replacement therapy for the rest of her life. Sheehan's syndrome is a rare condition, and the central issue at trial was not whether the plaintiff suffered from this problem, but rather what caused it.

Plaintiff's first argument is that the court erred in allowing defendant David Forstein D.O. to offer expert opinion testimony. Dr. Forstein was called as a witness by the plaintiff in her case in chief. During his examination by plaintiff's counsel, conducted as if on cross, Dr. Forstein referred to Sheehan's syndrome in his discussion of plaintiff's condition. After several hours of questioning by plaintiff's counsel, counsel for defendant, Carol Allen M.D., questioned Dr. Forstein about Sheehan's syndrome. Prior to trial, Dr. Forstein had been identified as an expert on his own behalf. Additionally, plaintiff had deposed Dr. Forstein. Plaintiff objected to the doctor's testimony on the ground that he had not provided a report containing his opinions. However, a report is not required where, as here, the proposed expert is a party and has been deposed. *Neal by Neal v. Lu,* 365 Pa. Super. 464, 530 A.2d 103 (1987).

In *Neal,* the court addressed similar facts, and discussed Rule 4003.5 of the Pennsylvania Rules of Civil Procedure in conjunction therewith. Rule 4003.5 provides that where an expert is retained for trial, the other party to the litigation is entitled to the substance of the facts and opinions to which the expert will testify as well as the bases for those opinions. When such information is not provided, the remedy is the preclusion of the expert testimony at trial. However, as the *Neal* court noted, and as noted in the official comment to Rule 4003.5, preclusion is not required where the defendant is himself an expert, such as a physician, and the alleged improper exercise of his professional skills is at issue. The reason for this is that his information was not acquired in anticipation of litigation, "but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter

of the lawsuit." *Neal* at 472 n.3, 530 A.2d at 108 n.3. Furthermore, the subject of Sheehan's syndrome was raised during counsel for plaintiff's examination of Dr. Forstein. Since the door had been opened to that subject, counsel for defendant Allen was entitled to follow up on that topic. Consequently, Dr. Forstein was properly allowed to give opinion testimony.

The second error alleged by the plaintiff relates to the order in which closing arguments were presented. Initially, it must be noted that the length and order of speeches is committed to the sound discretion of the trial court. Pa.R.C.P. 223(a)(3). Under Philadelphia local rules, a plaintiff is not entitled to make a rebuttal speech after the speech of a defendant who has offered no evidence. Specifically, Local Rule *223.1 provides:

"(D) After the evidence is closed, only one attorney for each party or group of parties may address the jury. The attorney for the party or group of parties having the burden of proof shall first sum up, stating explicitly the grounds relied upon. The attorney for each adverse party or group of parties may then address the jury, and, if any such party has offered evidence, the attorney who commenced may conclude, restricting himself or herself to answering the arguments advanced." Phila. C.R. *223.1(D).

In the instant matter, plaintiff's counsel made his closing speech. Next, counsel for defendant Allen spoke to the jury. Plaintiff was then permitted to rebut that argument, after which counsel for defendant Episcopal Hospital and defendant Forstein spoke to the jury. Neither Episcopal Hospital nor Dr. Forstein had presented evidence. Dr. Forstein was a witness, but he was called by the plaintiff and asked for opinions by counsel for Dr. Allen. His attorney did not elicit any opinions from him. There is no dispute that counsel for the hospital

presented no evidence. Therefore, under the local rule quoted above, the trial court properly allowed counsel for defendants Episcopal Hospital and Dr. Forstein to have the last speeches.

For all of the above reasons, the judgment entered on July 22, 1998, should be affirmed.